## IMHAUSER v. HAUSBURG.

*(Circuit Court, S. D. New York. January 2, 1890.)*

1. **PATENTS FOR INVENTIONS—VALIDITY—WATCHMAN'S TIME DETECTOR.**
    Letters patent No. 170,443, issued November 30, 1875, to William Imhauser, for watchman's time detector, is valid, when limited to the combination with a watchman's time detector containing clock-work, paper dial, and apparatus for pricking the same, of mechanism for detecting and recording any illicit opening of the case.

2. **SAME—INFRINGEMENT.**
    Said patent is infringed by a device which records the fact of opening in the same way by the prick of a needle on the dial, and in which the needle is operated and moved in the same way as in the patented machine.

In Equity.

Bill by Elise Imhauser against Otto E. Hausburg, for infringement of letters patent No. 170,443, issued November 30, 1875, to William Imhauser, for watchman's time detector.

*A. v. Briesen*, for complainant.

*Edwin H. Brown* and *James H. Bowen*, for defendant.

LACOMBE, J. The prior state of the art does not warrant any broad construction of the complainant's patent. It must be limited to the de-

tails of the mechanism described. Though thus limited, however, infringement of it is none the less plain. Both articles (complainant's and defendant's) are watchman's time detectors of the same shape and size, containing clock-work, paper dial, apparatus for pricking the same, and, combined therewith, mechanism for detecting and recording any illicit opening of the case in which the whole apparatus is contained. In both articles the fact of opening is recorded by the prick of a needle on the paper dial. In both the needle is mounted at the free end of a spring, lying parallel with the dial, at a short distance from it; the needle being perpendicular to the paper dial on which it is to make its record. In both articles there is arranged in the hinged cover a projection with notched or cam head. When the cover is opened or closed, this notch or cam, by movement across the free end of the spring, causes the needle to move towards the paper far enough to punch a hole in it. After the cam or notch has passed beyond the free end of the spring, the latter, bearing the needle, resumes its normal position. The similarity between these two structures approaches closely to absolute identity.

When limited to the combination with a watchman's time detector of the particular mechanism above described, the evidence does not disclose any anticipation of complainant's apparatus. Thousands of these articles have been sold; both sides insist that the public accepts them; and there seems to be quite as much invention in devising them as was held sufficient to sustain the patents in *Palmer* v. *Johnston*, 34 Fed. Rep. 337; *Baldwin* v. *Conway Co.*, 35 Fed. Rep. 519; and *Safe-Deposit Co.* v. *Gas-Light Co.*, 39 Fed. Rep. 273. The evidence of prior public use by Abraham Newman of watchman's clocks with safety locks, anticipating complainant's invention, is unsatisfactory and unconvincing. Decree for complainant.